UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
YUSIF ROBINSON,

            Plaintiff,

       -against-                           **COMPLAINT**

CITY OF NEW YORK,
TERRANCE WILLIAMS,                   **PLAINTIFF DEMANDS**
RICHARD ALLISON, and              **A TRIAL BY JURY**
HOIPING LEE,

            Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

       Plaintiff Yusif Robinson, by his attorneys, Lumer & Neville, as for his complaint against the defendants, alleges, upon information and belief, as follows:

### PARTIES, JURISDICTION and VENUE

       1.     At all relevant times herein, plaintiff Yusif Robinson was and is an adult male resident of Kings County, in the City and State of New York.

       2.     At all relevant times herein, defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD") and its employees.

       3.     Defendant Terrance Williams, whose shield number was 19925, was at all relevant times herein employed by the City of New York as a member of the NYPD, and

was assigned to Manhattan South Narcotics. Williams is being sued in both his official and individual capacities.

4. Defendant Richard Allison, whose shield number was 07294, was at all relevant times herein employed by the City of New York as a member of the NYPD, and was assigned to Manhattan South Narcotics. Allison is being sued in both his official and individual capacities.

5. Defendant Hoiping Lee, whose shield number was 02882, was at all relevant times herein employed by the City of New York as a member of the NYPD, and was assigned to Manhattan South Narcotics. Lee is being sued in both his official and individual capacities.

6. Original jurisdiction of this Court is founded upon 28 U.S.C. §§ 1331, *et seq.*, and 42 U.S.C. §§ 1981 and 1983.

7. Venue is properly laid in this District pursuant to 28 U.S.C. §1391(b)(2), because the majority of events complained of herein occurred within the Southern District of New York.

## FACTUAL ALLEGATIONS

8. On Thursday, September 12, 2013 at or about 7:00 p.m., plaintiff was lawfully walking in the area of 8th Avenue and 42nd Street in Manhattan.

9. Plaintiff was engaged in no criminal activity whatsoever.

10. Plaintiff was seized by the defendants.

2

11. When the defendants seized the plaintiff, there was no probable cause to believe that plaintiff was or had been engaged in any criminal activity.

12. There was no probable cause to arrest plaintiff.

13. Nonetheless, the plaintiff was unconstitutionally seized, searched and arrested by the defendants.

14. Defendants recovered no contraband from the plaintiff.

15. Plaintiff was placed inside a NYPD vehicle.

16. Plaintiff was taken to a New York City Police Precinct.

17. At the precinct, plaintiff was processed.

18. Defendant Williams created official paperwork memorializing false allegations against the plaintiff, knowing that said official paperwork would be relied upon by the New York County District Attorney to commence a criminal prosecution against the plaintiff.

19. Plaintiff was transported to New York County Central Booking.

20. The plaintiff remained in New York County Central Booking for many hours.

21. Defendants knowingly made false statements to the New York County District Attorney's Office ("NYCDA") regarding the material facts surrounding the search and seizure of the plaintiff.

22. Defendant Williams stated that Defendant Allison had observed the plaintiff hand something to one Leon Carter.

23. Defendant Williams stated that Defendant Allison saw Leon Carter hand plaintiff money.

24. Defendant Williams stated that Defendant Lee had observed plaintiff drop two ten-dollar bills to the ground.

25. Defendant Williams stated that Defendant Lee had recovered two ten-dollar bills from the ground.

26. The defendants knew their statements were untrue.

27. When Defendant Williams gave this false information to the NYCDA, he knew that the NYCDA would rely on it to bring felony charges against the plaintiff.

28. Defendant Williams's presentation to the NYCDA of the defendants' false allegations and fabricated evidence against plaintiff was the proximate cause of the NYCDA's decision to commence a prosecution against the plaintiff.

29. As a direct consequence of the defendants' false accusations, the NYCDA filed a Criminal Court Felony Complaint against the plaintiff under New York County Docket Number 2013NY070044.

30. The Felony Complaint, sworn to by Defendant Terrance Williams and assigned to Assistant District Attorney Kelly Rahn, charged the plaintiff with a violation of New York Penal Law §220.39(1), Criminal Sale of a Controlled Substance in the Third Degree, and a violation of New York Penal Law §205.30, Resisting Arrest.

31. On or about September 13, 2013, plaintiff was arraigned on the above-cited felony charges before a judge of the New York City Criminal Court.

32. Plaintiff pleaded not guilty to the charges.

33. Bail was set at $15,000.00 bond or cash, and plaintiff, unable to make bail, remained in custody.

34. Some 42 days later, plaintiff was able to make bail and he was released from custody.

35. On September 18, 2013, Assistant District Attorney Kelly Rahn called witnesses to a grand jury regarding the arrest of plaintiff.

36. Defendant Allison testified before the grand jury that when Allison stopped plaintiff, plaintiff threw two U.S. currency bills to the ground.

37. Defendant Allison testified that he ordered Defendant Lee to recover the currency from the ground.

38. Defendant Williams testified that he "recovered...over four hundred dollars from [plaintiff's] wallet and an additional twenty dollars was passed on to [Defendant Williams] that was recovered from the floor."

39. Plaintiff was indicted by the grand jury under Indictment Number 04182/2013, based in part upon the testimony of the defendants.

40. Plaintiff's Indictment carried two (2) counts: Criminal Sale of a Controlled Substance in the Third Degree, a Class "B" Felony, and Tampering with Physical Evidence, a Class "E" Felony.

41. Plaintiff pleaded not guilty to the charges.

42. Plaintiff persisted in his not guilty plea, and proceeded to a trial before a petit jury.

43. Defendant Terrance Williams testified at the criminal trial, where he admitted improperly combining money taken from the plaintiff's wallet with other money obtained from Defendant Lee.

44. Defendant Richard Allison testified at the criminal trial, falsely stating that he witnessed plaintiff's participation in a drug transaction.

45. Defendant Hoiping Lee made contradictory statements regarding money allegedly dropped to the ground by plaintiff.

46. In October, 2014, plaintiff was found not guilty of all charges by a petit jury, making plaintiff the prevailing party for purposes of this cause of action.

47. The individual defendants knew that they had falsely arrested and imprisoned plaintiff.

48. The individual defendants knew that they subjected the plaintiff to malicious prosecution.

49. The individual defendants knew they denied plaintiff a fair trial.

50. At all times relevant herein, all individual defendants were acting within the scope of their employment with the NYPD and the City of New York, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

## FIRST CAUSE OF ACTION

51. Plaintiff repeats each and every allegation of paragraphs "1" through "50" of the complaint as if incorporated and reiterated herein.

52. Defendants willfully and intentionally seized, searched, detained and arrested plaintiff without probable cause, and without a reasonable basis to believe such cause existed.

53. The defendants fabricated evidence through the making of false and misleading factual statements, which were forwarded to the NYCDA, and which resulted in the deprivation of plaintiff's liberty and in subjecting the plaintiff to a trial on false criminal charges.

54. By so doing, the defendants, individually and collectively, subjected the plaintiff to false arrest and imprisonment, unlawful search of his person and property, malicious prosecution, and the denial of a fair trial through the fabrication of evidence. All of the defendants violated, conspired to violate, and aided and abetted in the violation of plaintiff's rights under the United States Constitution.

55. The above-described intentional and illegal actions of the defendants proximately caused the plaintiff to suffer emotional injuries, mental anguish, incarceration, and the loss of liberty.

56. By reason thereof, the individual defendants have violated 42 U.S.C. §1983.

## SECOND CAUSE OF ACTION

57. Plaintiff repeats the allegations contained in paragraphs "1" through "56" above as though stated fully herein.

58. In October 2011, following a bench trial in New York State Supreme Court, Kings County, under indictment number 06314-2008, former NYPD narcotics officer Jason Arbeeny was convicted of planting drugs on two individuals and falsifying arrest reports. Before issuing a verdict of guilty, the trial judge scolded the NYPD for what he described as a "widespread culture of corruption endemic in its drug units." The judge further stated that the testimony demonstrated that the NYPD narcotics divisions maintained a "cowboy culture" and that the judge was "shocked, not only by the seeming pervasive scope of misconduct but even more distressingly by the seeming casualness by which such conduct is employed."

59. Notwithstanding its awareness of the Narcotic Division's pattern of making unlawful arrests and then falsifying their records and testimony to justify and cover up this misconduct, the NYPD made no effort to curb, limit, or otherwise prevent the misconduct from continuing.

60. At the same time, the NYPD was aware of, permitted, and, tacitly or overtly, endorsed said policy within the NYPD generally, and the Narcotics Division specifically, of the making of wholesale arrests without probable cause which were then justified on paper by false or materially misleading factual allegations by the arresting officers, all in the name of creating the appearance of a greater activity by the officers.

61. Thus, the City of New York created, approved or condoned the practice and policy, as carried out by the Narcotics Bureau, of making wholesale arrests without probable cause in order to create false or misleading arrest numbers.

62. By reason thereof, Defendant New York City has violated 42 U.S.C. §1983 and caused plaintiff to suffer emotional injuries, mental anguish, incarceration, the deprivation of liberty, and the loss of his constitutional rights.

## DEMAND FOR A JURY TRIAL

63. Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

WHEREFORE, the plaintiff demands judgment against defendants jointly and severally as follows:

  i. on the first cause of action, actual and punitive damages in an amount to be determined at trial;

  ii. on the second cause of action, actual damages in an amount to be determined at trial;

  iii. statutory attorney's fees pursuant to, *inter alia*, 42 U.S.C. §1988, disbursements, and costs of this action; and

  iv. such other relief as the Court may deem just and proper.

Dated: New York, New York
July 24, 2015

                LUMER & NEVILLE
                Attorneys for Plaintiff
                225 Broadway, Suite 2700
                New York, New York 10007
                (212) 566-5060

By: /s/
_____
James C. Neville (JN-2128)